**Wendy W. BURTON, Appellant,**

**v.**

**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.**

No. 2009–CA–001056–MR.

Court of Appeals of Kentucky.

Nov. 5, 2010.

Otis Doan, Jr., Harlan, KY, for appellant.

Robert M. Melvin, Harlan, KY, for appellee.

Before TAYLOR, Chief Judge;
MOORE and THOMPSON, Judges.

## OPINION

THOMPSON, Judge:

Wendy W. Burton appeals from a summary judgment entered in the Harlan Circuit Court declaring that she was not entitled to underinsured motorists benefits under a policy of insurance issued by Kentucky Farm Bureau Mutual Insurance Company. The issue presented is whether a clause excluding UIM coverage of a vehicle owned by the insured or a family member is enforceable. We affirm.

Ms. Burton was injured when she was a passenger in a vehicle operated by her husband when it was involved in an accident. The 2001 Mountaineer that was registered to the Burtons was insured by Kentucky Farm Bureau. After her husband was determined to be at fault in causing the accident, a settlement for Ms. Burton's bodily injury claims was reached for the policy limits of $25,000 under the Mountaineer policy. Ms. Burton then asserted a claim for underinsured motorist coverage under a separate Kentucky Farm Bureau policy on a 1976 Ford Bronco registered to her husband and available for her use.

After the claim was denied by Kentucky Farm Bureau, Ms. Burton filed an action in the Harlan Circuit Court. Following discovery, Kentucky Farm Bureau moved for summary judgment on the basis that under the terms of the policies issued, Ms. Burton could not recover UIM benefits. The circuit court agreed and granted Kentucky Farm Bureau summary judgment.

Our review of a summary judgment is *de novo*. *Blevins v. Moran*, 12 S.W.3d 698, 699 (Ky.App.2000). Although summary judgment must be granted with caution, it is warranted when there is no material issue of fact in dispute and the moving party is entitled to judgment as a matter of law. *Steelvest Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482–83 (Ky. 1991).

Ms. Burton misstates that the issue in this case is whether or not she can "stack" the coverage under the two separate policies and cites Kentucky cases discussing the "stacking" of insurance policies. *See e.g. James v. James*, 25 S.W.3d 110 (Ky.2000); *Allstate Ins. Co. v. Dicke*, 862 S.W.2d 327 (Ky.1993). However, the issue presented does not concern "stacking" of the two insurance policies: It is whether Ms. Burton can recover UIM benefits under the terms of the policies.

The policies state that underinsured motor vehicle "does not include any vehicle or equipment ... owned by or furnished or available for the regular use of you or any family member." There is no dispute that the vehicle in which Ms. Burton was a passenger is owned by her and her hus-

band and that the 1976 Bronco is a vehicle also registered to her husband and is available for Ms. Burton's use. Thus, the terms of the policies exclude underinsured motorists coverage under the facts. We have repeatedly upheld virtually identical provisions under similar facts and do so again in this case.

Although numerous Kentucky cases could be cited in support of our conclusion, we need rely on only one: *Murphy v. Kentucky Farm Bureau Mutual Insurance Company*, 116 S.W.3d 500 (Ky.App. 2003). Construing the precise policy language as in the present policies, this Court held that underinsured motorists coverage was unavailable based on statutory law and the policy itself.

In *Murphy*, Austin Goodpaster was fatally injured in a single-car accident while riding as a passenger in a vehicle operated by his brother and owned and insured by his mother. Austin was a minor who resided in the household with his mother and step-father who owned vehicles insured through separate policies with Kentucky Farm Bureau, which both contained UIM coverage. The estate filed an action to collect UIM benefits.

■ This Court affirmed the trial court's grant of summary judgment in favor of Kentucky Farm Bureau on the basis that the regular-use exclusion in the policies barred the estate from collecting UIM benefits. In doing so, it was emphasized that the "justification for the regular-use exclusion is not the possibility of collusion but, rather, the fact that the insured or another family member has control over how much liability is purchased." *Id.* at 503. We echo the conclusions reached by this Court and our Supreme Court when reviewing exclusions from UIM coverage as now presented.

There is nothing ambiguous about this exclusion. A vehicle owned by or fur-

nished or available for the regular use of the named insured or a family member is not an "underinsured vehicle." The obvious reason for the exclusion is that the named insured can avoid the fact of underinsurance by simply purchasing additional liability insurance coverage for his vehicle.

*Id.* at 502(citing *Motorists Mutual Insurance Co. v. Glass*, 996 S.W.2d 437, 449–50 (Ky.1997)).

■ Regular-use exclusions from UIM coverage have been repeatedly upheld as not being against public policy and, because the Kentucky Farm Bureau exclusion is unambiguous, the doctrine of reasonable expectations does not apply.

[T]he reasonable expectation doctrine ... resolves an insurance-policy ambiguity in favor of the insured's reasonable expectation[.] ... The reasonable expectation doctrine "is based on the premise that policy language will be construed as laymen would understand it" and applies only to policies with ambiguous terms— e.g., when a policy is susceptible to two (2) or more reasonable interpretations. Under the reasonable expectations doctrine, when such an ambiguity exists, the ambiguous terms should be interpreted "in favor of the insured's reasonable expectations." ... Only actual ambiguities, not fanciful ones, will trigger application of the doctrine.

*True v. Raines*, 99 S.W.3d 439, 443 (Ky. 2003) (citations and footnotes omitted).

Ms. Burton points out the factual distinctions between *Murphy* and the present case. Specifically, she emphasizes that in *Murphy*, the estate sought to recover UIM benefits under the underinsured policies of two household members who were not involved in the accident while she had a "reasonable expectation of coverage under

her two (2) policies, for the two (2) vehicles which paid two (2) separate premiums." Ms. Burton's attempt to escape the unambiguous exclusion in the policies issued by Kentucky Farm Bureau and the law as stated in *Murphy* is unpersuasive. Regardless of the factual distinctions, it remains that the vehicle in which Ms. Burton was a passenger was not an underinsured vehicle.

Accordingly, the summary judgment is affirmed.

ALL CONCUR.